UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELDON LEE ALLISON, II,

        Plaintiff,

    v.                                                                                      DECISION AND ORDER
                                                                                         09-CV-728S

THE STATE OF NEW YORK,
COMPLAINER DOE,
STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES,
COUNTY OF WYOMING COUNTY COURT,
WARSAW VILLAGE COURT,
DONALD G. O'GREEN,
JOHN NEELEY,
MICHAEL W. KENNEDY,
RYAN W. BUTTLES, 6627,
SUPERIOR OF RYAN W. BUTTLES,
HAMBURG TOWN COURT,
CARL MORGAN,
THOMAS BOYER,
HAMBURG OFFICER DOE, AND
WALTER L. ROOTH,

        Defendants.

1.        Pro se Plaintiff, Eldon Lee Allison, II, commenced this action on August 19, 2009 (Docket No. 1) by filing a complaint naming fifteen defendants and stating three causes of action, which are styled as: trespass, trespass on the case, and trespass on the case – vicarious liability; each claim is alleged against each defendant. (Complaint ("Compl.") ¶¶ 1, 31, 38.)

2.        Cognizant of the distinct disadvantage that pro se litigants face, this Court has read Allison's submissions carefully and liberally, and has interpreted them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct.

594, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). As such, based on the facts alleged, this Court construes Allison's complaint as alleging claims for false imprisonment, malicious prosecution, and conspiracy.

3. Allison alleges the following set of facts:

- Around June 6, 2008, while operating his car, Allison was pulled over by Defendant Thomas Boyer, who asked Allison to provide his driver's license. (Compl. ¶ 7.)

- Allison "immediately objected to jurisdiction" and told Officer Boyer that he did not have a driver's license. (Compl. ¶ 7.) (Allison believes that because he was not using his vehicle for "commercial purposes," he does not need to possess a New York State driver's licence.) (Compl. ¶¶ 7,13.)

- Allison alleges that he was subject to "restraint," but later released. (Compl. ¶ 8.)

- His case was later adjudicated in Hamburg Town Court before Walter L. Rooth, where he once again objected to "jurisdiction." (Compl. ¶ 10.)

- Believing that he is a "sovereign people," Allison, himself, composed and issued a series of orders and writs, which, enterprising and colorful as they may be, were rejected by the Hamburg court. (Compl. ¶¶ 8-12; see exhibits A-H.)

- Allison also mailed an "order," which proclaimed that he "was exempt from being required to have a driver's license for the purpose of traveling along the public roads," to the New York State Department of Motor Vehicles ("DMV"). (Compl. ¶¶ 9-11.)

- Apparently unmoved by the "order," Allison received a letter from the DMV indicating that he was required to pay certain fines. (Compl. ¶ 13.)

- Allison continued to drive his car, and around November 23, 2008, he was stopped again, this time by Officer Defendant Ryan Buttles. Allison again asserted his objection to "jurisdiction" and informed Officer Buttles that he did not have a driver's license. Although Allison presented his "superior court of record default judgment", which exempted him from such requirements as obtaining a driver's license,

        Officer Buttles ignored it and arrested him. (Compl. ¶ 14.)

- Around December 15, 2008, answering to these charges in Warsaw Village Court before Justice Michael Kennedy, Allison again raised jurisdictional objections. (Compl. ¶¶ 16,17.)

- On March 28, 2008, pursuant to an authorizing warrant signed by Donald O'Green, Allison was arrested at his home. He was detained for 5 days. (Compl. ¶¶ 18, 24.)

4.      All fifteen defendants now move to dismiss the complaint or seek summary judgment. (Docket Nos. 2, 6, 11, 28, 33.)

5.      Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S.Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8 (a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

6.      Plaintiff's claims rest entirely on his belief that he is his own sovereign and

therefore not subject to the authority of police officers, prosecutors, or courts.[1] Such claims, often made in the context of federal taxation, are frivolous. See, e.g., Upton v. I.R.S., 104 F.3d 543, 545 n. 1 (2d Cir. 1997) (per curiam) (noting that the non-citizen argument is "barely worth a footnote"); United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (characterizing this non-citizen argument as "shop worn" and rejecting it); United States v. Sileven, 985 F.2d 962, 970 (8th Cir. 1993) (per curiam) (characterizing this type of argument as "plainly frivolous" and rejecting it); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (resolving the non-citizen arguments by holding that "[t]hese issues are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion").

7. However, in the interest of thoroughness, this Court will address Allison's liberally construed false arrest, malicious prosecution, and conspiracy claims.

8. Allison, in claiming trespass, clearly feels he was unlawfully detained by the Defendant Officers. There are four elements to a false arrest claim: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991).

9. Probable cause is an affirmative defense to a false arrest claim. Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994); Singer v. Fulton County Sheriff, 63 F.3d 110,

---

[1] A sampling of Allison's claim: Who is the sovereign? . . . It is Eldon Lee Allison, II." (Docket No. 27.) "Each defendant exceeded his jurisdiction" and "conducted a mixed-war against Plaintiff as a result of the Plaintiff resisting the defendant's attempt to shang-hai him into commerce." (Compl. ¶ 2.) Defendants are "attempting to take dominion over the people." (Compl. ¶ 10.) Allison also believes that he can create and then become his own court of law: "The people, namely Eldon Lee Allison, II, at his pleasure, chose to create his court directly and chose the name of the court and chose the form of the court to be a 'court of record.'" (Compl. ¶ 8.)

118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."). Regarding the two traffic stops, Allison asserts no facts that the officers lacked probable cause to make the stop. He admits that he was driving without a license and was convicted of the same by courts in Hamburg and Warsaw. Allison's conviction and admissions, which are conclusive proof that probable cause existed, preclude his false arrest claim. See Weyant v. Okst, 101 F. 3d. 845, 852 (2d Cir. 1996).

10. With respect to the arrest performed at Allison's home, Defendant Officers were acting pursuant to an indictment and a warrant, a fact Allison admits in his complaint. (Compl., Exhibit Q.) A grand jury indictment creates a presumption of probable cause. Johnston v. Town of Greece, 983 F.Supp. 348, 353 (W.D.N.Y., Nov 12, 1997). This presumption can only be overcome if the indictment was procured by "fraud, perjury, or the suppression of evidence." See Bernard v. United States, 25 F.3d 98,104 (2d Cir. 1994). Alleging no such facts, Allison has not overcome this presumption and his claim must be dismissed.

11. Allison also feels slighted by the justice system in the Town of Hamburg and Wyoming County. His allegations can conceivably be construed as a malicious prosecution claim. To establish a claim for malicious prosecution, the plaintiff must show: (1) that the defendant initiated a prosecution against the plaintiff; (2) that the defendant lacked probable cause to believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997).

12. As noted above, Allison has alleged that he was indicted by a grand jury and,

further, he has failed to allege that the proceedings against him were terminated in his favor. See id. Therefore, this claim must be dismissed.

13. Allison repeatedly asserts throughout his complaint that Defendants were engaged in a conspiracy against him. To support a claim for conspiracy pursuant to section 1983, there must be an agreement to act in concert to inflict an unconstitutional injury and an overt act done in furtherance of that goal causing damages. Ciambriello v.. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). An agreement must be proven with specificity – bare allegations of a conspiracy are insufficient. See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir.1999). Thus, on a motion to dismiss, the plaintiff must "make an effort to provide some details of time and place and the alleged effects of the conspiracy ... [including] facts to demonstrate that the defendants entered into an agreement, express or tacit, to achieve the unlawful end." Warren v. Fischl, 33 F.Supp.2d 171, 177 (E.D.N.Y.1999). Conclusory, vague, and general allegations are insufficient to support a conspiracy claim. Ciambriello, 292 F.3d at 325.

14. Allison's claim fails because he makes nothing but bare accusations with no supporting facts, which are insufficient to withstand a motion to dismiss. He points to no "details of time and place," nor does he supply any "facts to demonstrate that the defendants entered into an agreement" to inflict a constitutional injury. See Warren, 33 F. Supp at 177. Therefore, this claim is dismissed.

15. Allison asserts no cognizable claim against Hamburg Town Prosecutor Carl Morgan, Hamburg Town Justice Walter Rooth, or Assistant District Attorney Donald O'Green. In any event, they were acting in their official capacities and are entitled to absolute immunity. See Imbler v. Tachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47

L.Ed.2d 128 (1976) (applying absolute immunity to prosecutors); see also Bliven v. Hunt, 579 F.3d 204 (2d Cir. 2009) (applying absolute immunity to judges).

16.   Finally, Allison asserts no cognizable claim against New York State, New York Department of Motor Vehicles, Wyoming County Court, Warsaw Village Court, or Hamburg Town Court. His complaints against these entities once again arise from his belief that he is a sovereign and no other entity can exert any authority over him. He makes no assertion that anyone associated with these entities acted wrongfully otherwise. As discussed above, "non-citizen" arguments are, at best, meritless.[2]

17.   Having taken into account that Allison is proceeding pro se in this matter, this Court is satisfied nonetheless that it is clear that he can prove no set of facts in support of his claim which would entitle him to relief. Defendants' motions are granted.

IT HEREBY IS ORDERED, John Neeley's Motion to Dismiss (Docket No. 2) is GRANTED.

FURTHER, Wyoming County's and Donald G. Green's Motion to Dismiss (Docket No. 6) is GRANTED.

FURTHER, Hamburg Town Court's, Carl Morgan's, Thomas Boyer's, Hamburg Officer Doe's, and Walter L. Rooth's Motion to Dismiss (Docket No. 11) is GRANTED.

FURTHER, The State of New York's and The New York State Department of Motor Vehicles' Motion to Dismiss (Docket No. 28) is GRANTED.

FURTHER, Ryan Buttles', Superior of Ryan Buttles', Warsaw Village Court's, and

---

[2]Also, it is well-settled that, absent consent, states cannot be sued in federal court for alleged violations of post-Civil War civil rights acts. See, e.g., Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). This immunity extends to state agencies. Davis v. New York, 316 F.3d 93, 101-02 (2d Cir. 2002)

Michael Kennedy's Motion for Summary Judgment (Docket No. 33) is GRANTED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: September 25, 2011
      Buffalo, New York

                                    <u>/s/William M. Skretny</u>
                                    WILLIAM M. SKRETNY
                                            Chief Judge
                                  United States District Court